IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| CLIFF BUCKOSH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | NO. 3:18-cv-01039 |
| | ) | |
| YOLANDA McCLINTON, | ) | JUDGE CAMPBELL |
| | ) | |
| Defendant. | ) | |

## ORDER

Defendant Yolanda McClinton has filed a Petition for Removal and Federal Stay of Execution. (Doc. No. 1.) Now before the Court are Defendant's Application to Proceed in District Court Without Prepaying Fees or Costs (Doc. No. 2), which requests a waiver of the removal fee based on indigence, and Plaintiff Cliff Buckosh's Motion to Remand this action to state court, filed with a supporting Memorandum of Law (Doc. Nos. 6, 7).

For good cause shown, Defendant's Application to Proceed in District Court Without Prepaying Fees or Costs (Doc. No. 2) is **GRANTED**.

Plaintiff's Motion to Remand (Doc. No. 6) requires some discussion. In her Petition for Removal, Defendant invokes 28 U.S.C. § 1441 in support of her removal of a civil action filed against her in state court to this Court. She references Sumner Count State Court number 2018-CV-5215 and an unlawful eviction proceeding in that court, and she alleges that the state lawsuit amounts to an attempt to collect a debt in violation of the Fair Debt Collection Practices Act. (Doc. No. 1.) Defendant did not attach the underlying state court pleadings to her Petition for Removal, despite the statutory requirement that she do so. 28 U.S.C. § 1446(a).

Plaintiff attached the state-court pleadings to his Motion to Remand, consisting of a General Sessions Detainer Warrant filed in the General Sessions Court for Sumner County, Tennessee on September 25, 2018. (Doc. No. 6-1.) Plaintiff filed the detainer action under state law to recover possession of premises leased to Defendant, pursuant to a written lease, based on nonpayment of rent. (*Id.*)

Under 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." The party seeking removal carries the burden of demonstrating that the federal district court has original subject-matter jurisdiction over the complaint. *Brittingham v. Gen. Motors Corp.*, 526 F.3d 272, 277 (6th Cir. 2008). Because federal courts are courts of limited jurisdiction, removal jurisdiction must be strictly construed and any doubts resolved against removal. *Smith v. Nationwide Prop. & Cas. Ins. Co.*, 505 F.3d 401, 405 (6th Cir. 2007).

Defendant asserts that this Court has original federal-question jurisdiction over the detainer action.[1] (Doc. No. 1.) To establish federal-question jurisdiction, Defendant must show that the civil action "aris[es] under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. In considering whether Defendant has satisfied that burden, this Court applies the "well-pleaded complaint rule." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). Under that rule, federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint. *See id.* ("The rule makes the plaintiff the master of the

---

[1] Defendant does not claim diversity jurisdiction or allege facts that would support the exercise of diversity jurisdiction under 28 U.S.C. 1332(a).

claim; he or she may avoid federal jurisdiction by exclusive reliance on state law."); *see also Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 6 (2003) ("As a general rule, absent diversity jurisdiction, a case will not be removable if the complaint does not affirmatively allege a federal claim."). Thus, a defendant's assertion of federal defenses to a state-law cause of action does not support removal jurisdiction. *Caterpillar*, 482 U.S. at 393. Likewise, the presence of federal counterclaims cannot serve as a basis for "arising under" jurisdiction. *Holmes Grp., Inc. v. Vornado Air Circ. Sys., Inc.*, 535 U.S. 826, 831 (2002).

The Supreme Court recognizes an exception to the well-pleaded complaint rule when a plaintiff's cause of action is completely preempted by federal law. *Caterpillar*, 482 U.S. at 393. That exception does not apply here, because landlord-tenant disputes are not completely preempted by federal law. *See, e.g.*, *MLS Holdings, Inc. v. Jones*, No. 3:13CV-68-H, 2013 WL 1788480, at *2 (W.D. Ky. April 26, 2013) (noting that "[l]andlord-tenant disputes and eviction actions are typically state law claims" (collecting cases)).

From the face of the Detainer Warrant attached to Plaintiff's motion, it is clear that Plaintiff has not invoked federal law or stated a federal cause of action in his suit against Defendant. Defendant's claim of federal-question jurisdiction depends entirely on a potential defense under the federal Fair Debt Collection Practices Act. Because it is clear from the face of the state court pleading that this Court lacks federal-question jurisdiction, Plaintiff's Motion to Remand (Doc. No. 6) is **GRANTED**, and this case is **REMANDED** to the General Sessions Court for Sumner County, Tennessee.

Plaintiff's request for attorney's fees and costs is **DENIED** in light of Defendant's indigence and *pro se* status.

It is so **ORDERED**.

_____
WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE